## ELISHA TAYLOR *versus* ELISHA BEACH
## and HARVEY PARKE
### March 29, 1842.

Hunt & Watson, attorneys for plaintiff.
M. L. Drake, attorney for defendants.

[INDORSEMENT]

*Sup. Court.* 4th Cir.

Jan^y '42

Taylor
  vs.
Beach et al

Mem° of opinion
29 March '42
Verdict set aside &
*venire de novo*

[OPINION]

Elisha Taylor
vs.
Elisha Beach &
Harvey Parke

This case was reserved and certified to this Court from the Oakland Circuit by the Presiding Judge of that Court., and presents a single question whether the evidence given on the trial to prove notice to the Defts who were sued as Indorsers of a promissory note, of the non payment of the note by the maker.

A verdict was taken for the Plff, subject to the opinion of this Court on this question—

The note was discounted at the Bank of Pontiac, and was there at maturity—

The evidence to prove the notice, was the Deposition of Mr. Vandevanter, and is as follows.—"I cannot recollect particularly whether I did, or did not, give notice of the nonpayment of the note to the said Defendants—["]

["] There is no memorandum on said note by which I can tell positively whether I did, or did not give said notice to said indorsers—["]

—["]It was at the time the said note matured, the practices in said Bank of Pontiac, for me to demand payment, and give notice of the non payment to endorsers, on all notes which fell due at the said Bank—Sherman Stevens was at that time, an officer of the said Bank, and a Notary Public, and it was the common practice for said Stevens to leave with me certificates of protest, signed by him, to be annexed to notes which should fall due at said Bank in his absence from the Bank—And when notes so fell due in his absence, and not paid, it was the uniform practice for me to demand payment of said notes, and give notice of nonpayment to the indorsers

on the day the note or notes matured—And whenever notice of nonpayment was served by me, it was done by delivering the same to the indorser personally, or by leaving the same at his place of business or dwelling house, if he resided in the village of Pontiac—and if he did not reside in said village, to deposite the said notice in the Post office, directed to the Post office nearest the residence of such indorser—From a memorandum on the back of the certificate of Protest, in my handwriting, it appears that the said note hereto annexed, was protested at said Bank; and from the practice prevailing in said Bank, at the time said note matured, my best impression is that the said note was protested by me, and that I gave notice of the non payment thereof to the Deft—E. Beach by delivering the same in writing to him personally, or at his dwelling house in Pontiac, on the day the said note mature; and to the Deft. H. Parke by leaving the said notice at the Post office at Pontiac, directed to said H. Parke at his place of residence"—

This is all the evidence of notice to the Defts—

For the Plff it is contended that this evidence was competent for the jury to pass upon, and they having found that notice was given, it is conclusive—

But whether the evidence was sufficient is not exclusively for the jury to determine—and as the question was reserved by the Judge on the trial, the question now is what direction this Court would give to the Jury if the case were now here on trial—

The witness's swearing to his belief, which belief is founded upon the practice in the Bank or the general course of business has never been held sufficient—Some act done is required to be shown before such general practice can be permitted to be allowed as a ground of belief—

*Smedes* vs. *Utica Bank*—20 John. 372.

*Halliday* vs. *Martinet* 20 John. 168—

Where the evid. of notice was quite similar to the evid. in this case—In that case a mem° of notice made by a person in the office of a Notary Public of notice left at post office— But the persons who made the mem° being called as a wit. could not recollect any thing upon the subject—Who put the letter in the post office, or how it was directed,—

—He further said that it was the custom of the office to leave notice at the residence of the indorser, if they could learn where it was, and if they could not discover it, to put a notice for him in the post office; and that he had no doubt that inquiry was made for the residence of the indorser, and that it could not be ascertained; but he could not say that such inquiry was made by him, or any other person.

The Judge who delivered the opinion of the Court says— "If the Notary has stated, that the indorser could not be found, he would have would have made out sufficient to entitle the Plff to recover; but to charge a party on a contract which is conditional in its nature, and creates no liability until certain precedent acts are performed, by merely proving the general practice of the office in other cases, accompanied by the opinion of a witness, not resting on any recollection or knowledge, but manifestly derived from such usual practice only, would, in my opinion, be dangerous and unjust. There could be no security in the administration or Justice, if such an innovation on the rules of evidence should receive the sanction of our Courts."

In the present case the evid. is even less than it was in the case of Halliday vs. Martinet, last cited—

The witness does not refer to a fact or circumstance within his knowledge or recollection respecting the notice to the Defts—He says that from a mem° which he found on the back of the certificate of Protest, in his own handwriting, it

appears that the note was protested at the Bank, the day it became due—Even this does not relate to the notice to the indorsers—And the whole of his testimony in relation to the notice is his belief founded, and so stated by him to be, solely on the general practice prevailing in the Bank at the time—

There was no evidence at all upon the subject, and the jury could make no inference or presumption in the case——Verdict set aside—VENIRE DE NOVO